1

2

3

4

5               IN THE UNITED STATES DISTRICT COURT FOR THE

6                       EASTERN DISTRICT OF CALIFORNIA

7

8    DONALD REINHARDT, and JON          )    1:11-CV-1944  AWI SMS
     ARMSTRONG,                         )
9                                       )
                    Plaintiffs,         )    ORDER ON DEFENDANTS'
10         v.                           )    SECOND MOTION TO
                                        )    DISMISS AND MOTION TO
11   GEMINI MOTOR TRANSPORT, an         )    STRIKE
     Oklahoma limited liability partnership, )
12   and DOES 1-10, inclusive,          )
                                        )    (Doc. No. 18)
13                  Defendants.         )
     _____ )

14

15

16         This case arises from the termination of an employment relationship between Plaintiffs

17   Donald Reinhardt ("Reinhardt") and Jon Armstrong ("Armstrong") (collectively "Plaintiffs"),

18   and their former employer Defendant Gemini Motor Transport ("Gemini").  Plaintiffs drove

19   semi-trucks for Gemini, and delivered gasoline and diesel fuel to various Love's Gas Stations in

20   California.  The Court previously granted in part and denied in part a Rule 12(b)(6) motion to

21   dismiss.  In response, Plaintiffs filed a First Amended Complaint ("FAC"), which is the active

22   complaint.  The FAC alleges ten California state law causes of action under the Labor Code, the

23   Business & Professions Code, the Government Code, and the California common law.  Gemini

24   now moves under Rule 12(b)(6) to dismiss the fifth (Labor Code § 226), sixth (breach of express

25   contract), seventh (breach of implied covenant of good faith and fair dealing), and part of the

26   tenth (Business & Professions Code § 17200) causes of action, and also moves to strike

27   Plaintiffs' prayer for the "maximum rates promised by defendants."  For the reasons that follow,

28   Gemini's motions will be denied.

**LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  If a Rule 12(b)(6) motion is granted, leave to amend should be generally be given, even if no request to amend the pleading was made.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Leave to amend need not be given when amendment would be futile because no amendment could cure the complaint's defects.  See id.; Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**DEFENDANT'S MOTION**

**I.      Fifth Cause of Action – Labor Code § 226**

*Defendant's Argument*

Gemini argues that Plaintiffs have merely restated the statutory language of § 226.  The FAC fails to allege either that Plaintiffs suffered a compensable injury or that Gemini knowingly and intentionally failed to provide Plaintiffs with correctly itemized wage statements.  Conclusory allegations that an injury was suffered, and allegations that only identify information that was missing from the wage statements, do not properly allege a violation of § 226.

*Plaintiffs' Opposition*

Plaintiffs argue that a cause of action is pled.  Paragraph 77 expressly alleges that Gemini's violations of § 226 were knowing and intentional.  Further, Paragraph 76 properly alleges a compensable injury that is more than simply identifying missing information.

*Relevant Allegations*

Paragraphs 76 and 77 of the FAC allege:

Plaintiffs have suffered injury in amounts to be determined as the direct and proximate result of the violations of § 226(a) alleged herein, which have left them with no records of hours worked on which to base their claims for any of the five categories of uncompensated work time, and no specified rate of pay for any of those hours, seriously complicating and possibly compromising those claims.  The omission of a rate of pay also complicates the claims for one hour of pay at the employee's standard rate as "premium pay" for denial of a meal or rest period.

The failure of defendants to comply with these requirements of § 226(a) was knowing and intentional.

*Legal Standard*

Labor Code § 226(a) requires an employer at the time that wages are paid to provide an accurate itemized statement that contains nine items.  See Cal. Labor Code § 226(a).  Labor Code § 226(e) reads: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or [penalties ranging from $50 to $4,000 depending on the circumstances], and is entitled to an award of costs and reasonable attorney's fees."  Cal. Lab. Code § 226(e).  In order to recover under Labor Code § 226(e), a plaintiff must show: (1) a violation of § 226(a); (2) the

3

1    violation of § 226(a) was knowing and intentional; and (3) an injury suffered as a result of the

2    violation of § 226(a).  See Cal. Lab. Code § 226(e); Harris v. Vector Mktg. Corp., 656 F.Supp.2d

3    1128, 1146 (C.D. Cal. 2009); Elliot v. Spherion Pacific Work, LLC, 572 F.Supp.2d 1169, 1180-

4    81 (N.D. Cal. 2008); Price v. Starbucks Corp., 192 Cal.App.4th 1136, 1142-43 (2011).  Because

5    § 226(e) requires the demonstration of an actual suffered injury, the deprivation of the

6    information required by § 226(a), "standing alone, is not a cognizable injury."  Price, 192

7    Cal.App.4th at 1143; Jaimez v. Daiohs USA, Inc., 181 Cal.App.4th 1286, 1306-07 (2010).

8    Courts have indicated that an injury under § 226 may be shown through the possibility of not

9    being paid overtime, employee confusion over whether they received all wages owed them,

10   difficulty and expense involved in reconstructing pay records, and forcing employees to make

11   mathematical computations to analyze whether the wages paid in fact compensated them for all

12   hours worked.  Alonzo v. Maximus, Inc., 832 F.Supp.2d 1122, 1135 (C.D. Cal. 2011); Elliot,

13   572 F.Supp.2d at 1181.  Thus, if a plaintiff is required to engage in discovery and mathematical

14   computations to reconstruct time records in order to determine if he was correctly paid, then the

15   plaintiff has suffered an injury.  See Alonzo, 832 F.Supp.2d at 1135; Price, 192 Cal.App.4th at

16   1143.  However, if a claimed injury is based merely upon the plaintiff having to perform "simple

17   math" with the information already in his possession, then there is no cognizable injury.  See

18   Alonzo, 832 F.Supp.2d at 1135; Price, 192 Cal.App.4th at 1143.

19        *Discussion*

20        First, the argument that insufficient facts have been pled to show "knowing and

21   intentional" conduct is without merit.  As quoted above, the FAC expressly states that Gemini's

22   failure to comply with § 226 was "knowing and intentional."  FAC ¶ 77.  "Malice, intent,

23   knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. Pro.

24   9(b).  Because mental states may be alleged generally, Plaintiffs have adequately alleged

25   "knowing and intentional" conduct by Gemini.  See Fed. R. Civ. Pro. 9(b); Reinhardt v. Gemini

26   Motor Transp., 2012 U.S. Dist. LEXIS 58039, *25 (E.D. Cal. Apr. 25, 2012); Albergo v.

27   Cuxhaven Holdings, LLC, 2011 U.S. Dist. LEXIS 144484, *10 (S.D. Cal. Dec. 15, 2011).

28        Second, the injury described in the FAC is more than a simple identification of omitted

information.  Instead, the FAC states that the Plaintiffs are without records of hours worked and without specified rates of pay for those hours, which complicates calculations for categories of uncompensated work and for "premium pay" related to meal or rest periods.  These allegations indicate that there is a need for both additional documentation and additional mathematical calculations in order to determine whether Plaintiffs were correctly paid and what they may be owed.  The allegations do not indicate that only "simple math" is necessary to be performed with the information that is already in Plaintiffs' possession.  For purposes of Rule 12(b)(6), the FAC has adequately alleged an actual injury under § 226.  See Alonzo, 832 F.Supp.2d at 1135; Price, 192 Cal.App.4th at 1143.

Because Plaintiffs have sufficiently pled an injury and Gemini's scienter, dismissal of the fifth cause of action is not appropriate.


## II.      Sixth Cause of Action – Breach of Express Contract

*Defendant's Argument*

Gemini argues that dismissal is appropriate because Plaintiffs have failed to properly allege two of the required elements of a breach of contract claim.  First, the FAC does not allege that Gemini breached the contract as to each Plaintiff.  Second, the FAC fails to allege that the Plaintiffs performed their obligations under the contract, or were excused for not performing their obligations.  At best, the FAC shows performance by Armstrong, but not Reinhardt.

*Plaintiffs' Opposition*

Plaintiffs argue that the FAC contains allegations that meet each of the four elements of a breach of contract.  The FAC identifies the existence of a contract, alleges performance by the Plaintiffs, alleges breach of the contract, and alleges damages.

*Legal Standard*

To be entitled to damages for breach of contract, a plaintiff must plead and prove the following elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff.  Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); Reichert v. General Ins. Co., 68 Cal.2d

822, 830 (1968).

*Discussion*

In paragraphs 79 to 81, the FAC alleges a breach of express contract.  The FAC alleges that Gemini assured Plaintiffs that they would receive a daily minimum pay.  See FAC ¶ 79.  The FAC then alleges that Gemini "breached this express contractual commitment to plaintiffs by many times not providing plaintiffs any Minimum Pay when it was obligated to do so . . . ."  Id. The FAC then states that "Plaintiffs duly performed all relevant conditions, covenants, and promises to be performed on their parts."  Id. at ¶ 80.  Finally, the FAC alleges that Plaintiffs have been damaged as a result of Gemini's breaches of contract.  Id. at ¶ 81.

As quoted above, the FAC clearly and expressly alleges that Gemini breached the contractual commitments "*to plaintiffs*" by failing to pay the minimum daily pay on repeated occasions.  Id. at ¶ 79.  This adequately alleges the third element of a breach of contract claim. Further, the FAC clearly and expressly alleges that the "Plaintiffs," i.e. both Reinhardt and Armstrong, performed all conditions, covenants, and promises.  Id. at ¶ 80.  Paragraph 80 is given further meaning by both the description of the Plaintiffs' job duties in Paragraphs 9-16 and the nature of Gemini's breach (failure to pay a daily minimum amount).  The FAC is reasonably read to mean that Plaintiffs were required to deliver fuel, they delivered the fuel, but they were not given their daily minimum pay despite their performance.  Perhaps if the contract involved was more complex, then additional factual allegations that more specifically described the Plaintiffs' obligations would be necessary.  As the allegations stand, however, the FAC adequately pleads the existence of the second element of a breach of contract claim.

The FAC properly alleges a plausible claim for breach of an express contract based on the failure to pay daily minimum amounts.  Dismissal of this cause of action is not appropriate.


**III.    Seventh Cause of Action – Breach of Implied Covenant of Good Faith**

*Defendant's Argument*

Gemini argues that the Court permitted Plaintiffs to amend the claims that were premised on the creation of an environment that discourage pursuit of daily minimum pay.  However, the

FAC merely indicates that "arbitrary bureaucracy and consistent non-response" discouraged

pursuit of the promised daily minimum wage.  However, there is no factual detail provided, and

it is unknown what is meant by "arbitrary bureaucracy" or what conduct effectively discouraged

pursuit of contractual rights.

### *Plaintiffs' Opposition*

Plaintiffs argue that, contrary to Gemini's argument, the FAC adds new factual

allegations that are sufficient.  Plaintiffs then state that their claims are not premised on "hostile

environment," so further allegations are not necessary.

### *Relevant Allegations*

In pertinent part, the FAC alleges in Paragraphs 29 to 31:

. . . [Gemini's Regional Manager Anaya] instructed his drivers not to contact the
company's payroll department or anyone else at corporate.  All questions,
requests, or complaints regarding such things as payroll or tax issues were to be
directed to Anaya.

On at least one dozen occasions, [] Armstrong noticed that his earnings statement
did not reflect Minimum Pay he was entitled to for that pay period to make up the
shortfall on days when his earnings were below the Minimum Pay guaranteed
amount.  On such occasions, Armstrong sent Anaya an e-mail message requesting
that Anaya remedy the company's failure to provide him with Minimum Pay.  In
response to such requests and/or Armstrong's follow-up telephone calls, Anaya
routinely assured Armstrong he would take care of it, or that Payroll was looking
into it.  With regard to all such requests, however, Anaya either never got back to
Armstrong, or told him that he had passed along the request but [National
Manager] Prizzo said it was not timely and he would not pay it.  Anaya informed
Plaintiffs that Prizzo required claims for unpaid Minimum Pay (or other matters)
to be submitted to him within two weeks of the relevant pay day or he would not
pay them.  Since the drivers were required to submit all such claims to corporate
in Oklahoma City through their Regional Manager, they obviously had no control
over and no knowledge of the timing of the submission to corporate.

This combination of arbitrary bureaucracy and consistent non-response effectively
discouraged Plaintiffs and other drivers from pursuing the matter.  One colleague
of Armstrong's told him they had stopped calling, it was a waste of time, and "it
just goes with the job."

### *Legal Standard*

In California, there is "an implied covenant of good faith and fair dealing in every

contract that neither party will do anything which will injure the right of the other to receive the

benefits of the agreement."  Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal.4th 390,

400 (2000).  The covenant is implied "to prevent a contracting party from engaging in conduct

which (while not technically transgressing the express covenant) frustrates the other party's rights to the benefits of the contract." Marsu, B.V. v. Walt Disney Co.,, 185 F.3d 932, 937 (9th Cir. 1998); Benach v. County of Los Angeles, 149 Cal.App.4th 836, 855 n.12 (2007).  Thus, a "breach of a specific provision of the contract is not a necessary prerequisite" to a claim for breach of the implied covenant.  Marsu, 185 F.3d at 937; Carma Developers (Cal.), Inc. v. Marathon Development Cal., Inc., 2 Cal.4th 342, 373 (1992).  The covenant protects the express covenants or promises of the contract, and does not protect "some general public policy interest not directly tied to the contract's purpose."  Carma Developers, 2 Cal.4th at 373.  That is, the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."  Guz v. Bechtel Nat'l, Inc., 24 Cal.4th 317, 350 (2000).[1]  The elements necessary to establish a breach of the covenant of good faith and fair dealing are: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 968 (N.D. Cal. 2010); Judicial Council of California, Civil Jury Instructions ("CACI") § 325.

*Discussion*

The Court is somewhat confused by Plaintiffs' argument.  Plaintiffs indicate that a "hostile environment" is not necessary to prove a breach of the covenant of good faith and fair dealing.  However, the seventh cause of action incorporates Paragraphs 28 to 31, and then alleges: "Defendants breached the implied covenant of good faith and fair dealing by many times not providing Plaintiffs any Minimum Pay when it was obligated to do so, and then failing to

---

[1] In the prior order, the Court inartfully expressed the notion that a breach of the implied covenant must be tethered to a benefit created by the contract.  See Reinhardt, 2012 U.S. Dist. LEXIS 58039 at *31.  Citing *Guz*, the Court indicated that, in the absence of a breach of the underlying contract, there is no breach of the implied covenant.  See id.  However, as stated above, a breach of a specific contractual provision is not a necessary prerequisite to a claim for breach of the implied covenant of good faith.  Marsu, 185 F.3d at 937.  To avoid confusion in further proceedings, the Court clarifies that a breach of an express contractual provision is not required for a claim of breach of the implied covenant of good faith and fair dealing.  To the extent that the prior order may be read to mean otherwise, that language is disavowed.

remedy the matter despite requests by Plaintiffs.  The combination of arbitrary bureaucracy and consistent non-response by the company effectively discouraged Plaintiffs and other drivers from pursuing the matter." FAC ¶ 85.  The Court reads Paragraph 85 as alleging a breach of the implied covenant based on a combination of the failure to pay and the creation of a hostile work environment that discouraged Plaintiffs from pursuing and receiving their contractually promised Minimum Pay.  The Court is aware of no other conduct that arguably amounts to "unfair interference" for purposes of the seventh cause of action.  Cf. CACI § 325.   Contrary to Plaintiffs' opposition, the only reasonable reading of the FAC's seventh cause of action is that it is expressly dependant upon the creation of a "hostile environment" regarding Minimum Pay.

So reading the FAC, the Court disagrees with Gemini's assessment of the relevant allegations.  It is true that the relevant allegation, Paragraph 85, concludes by identifying Gemini's "arbitrary bureaucracy and consistent non-response." See FAC ¶ 85.  However, Plaintiffs are correct that Paragraphs 29, 30, and 31, again which are expressly incorporated by reference in Paragraph 85, give further detail and meaning to Paragraph 85.  Paragraphs 29, 30, and 31 describe conduct by Anaya, and policies that appear to have been established by Prizzo and Anaya, that effectively prevented Plaintiffs from obtaining their contractually mandated Minimum Pay.  Paragraphs 29, 30, and 31 describe and give notice of Gemini's unfair conduct, which was perpetrated by Anaya and/or Prizzo.  Paragraphs 29, 30, 31, and 85 plausibly indicate conduct that unfairly interfered with Plaintiffs' ability to pursue and receive their Minimum Pay.  Dismissal of the seventh cause of action is not appropriate.

## IV.     Tenth Cause of Action – Business & Professions Code § 17200 ("UCL")
### *Defendant's Argument*

The FAC identifies several statutory provisions that were allegedly violated for purposes of the UCL.  However, Plaintiffs have failed to properly allege a violation of Labor Code § 226 because there are no allegations of an actual injury or knowing and intentional conduct.  In the absence of proper allegations of an injury and scienter, Plaintiffs' UCL claims that are premised on violations of Labor Code §§ 226 and 226.7 should be dismissed.

1    *Plaintiffs' Opposition*

2        Plaintiffs argue that there is no authority that a UCL claim based on violation of many

3    underlying statutes can be selectively dismissed "a la carte" with regard to specific statutes.

4    Regardless, Plaintiffs argue that they have adequately alleged violations of Labor Code § 226,

5    and thus, there is no basis for dismissal of a UCL claim based on that statute.

6    *Legal Standard*

7        The UCL "prohibits, and provides civil remedies for, unfair competition, which it defines

8    as 'any unlawful, unfair, or fraudulent business act or practice.'" Kwikset Corp. v. Superior

9    Court, 51 Cal.4th 310, 320 (2011) (quoting Cal. Bus. & Prof. Code § 17200). "Because [the

10   UCL] is written in the disjunctive, it establishes three varieties of unfair competition – acts or

11   practices which are unlawful, unfair, or fraudulent." Cel-Tech Communications, Inc. v. Los

12   Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999). With respect to the "unlawful"

13   variety of unfair competition, "the UCL permits violations of other laws to be treated as unfair

14   competition that is independently actionable." Kasky v. Nike, Inc., 27 Cal.4th 939, 949 (2002).

15   Virtually any law, be it federal, state, or local, can serve as a predicate for an action under the

16   UCL. Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1361 (2010).

17   *Discussion*

18       Gemini's argument is premised on the failure of Plaintiffs to properly allege a violation of

19   Labor Code § 226. However, as discussed above, Plaintiffs have adequately pled a violation of

20   Labor Code § 226. Because the basis urged by Gemini for dismissing the UCL claim does not

21   exist, Gemini's motion will be denied.

22

23   **V.      Motion To Strike – Prayer for "Maximum Rates Promised"**

24   *Defendant's Argument*

25       In the order on Plaintiffs' prior motion to dismiss, the Court dismissed claims based on

26   the lowering or elimination of the daily minimum pay. Plaintiffs seek the maximum rates

27   promised by Gemini. However, because the Court found no claim regarding lowering the daily

28   minimum pay from $200 to $165, Plaintiffs are not entitled to the maximum rates of pay that

were promised, even if liability is later found.  Thus, this prayer should be stricken.

*Plaintiffs' Opposition*

Plaintiffs argue that there is no need to strike the prayer for "maximum rates promised." That term should be understood as meaning whatever official rate was in effect at the time of each respective failure to provide the daily minimum pay.

*Discussion*

In its prior order, the Court explained that the Ninth Circuit clarified in 2010 that the proper procedural mechanism to challenge a prayer for damages that are unavailable as a matter of law is a Rule 12(b)(6) motion to dismiss, not a Rule 12(f) motion to strike.  See Reinhardt, 2012 U.S. Dist. LEXIS 58039 at *41 (citing Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010)).  However, Gemini has moved again under Rule 12(f) to dismiss a portion of Plaintiffs' prayer on the grounds that the damages are unavailable as a matter of law. Because Rule 12(f) is not the proper mechanism for Gemini's challenge, Gemini's Rule 12(f) motion will be denied.  See Whittlestone, 618 F.3d at 971.

However, the Court finds that Plaintiffs' clarification of the term "maximum rates promised" is reasonable.  That term will be read as referring to the official rate, either $200 or $165, that was in effect at the time of each failure to provide Minimum Pay.[2]


## CONCLUSION

Gemini moves to dismiss the fifth, sixth, and seventh causes of action, and part of the tenth cause of action.  Gemini also moves to strike a portion of the prayer for relief.

Dismissal of the fifth cause of action is not appropriate because the FAC adequately alleges an injury suffered by Plaintiffs and knowing and intentional conduct by Gemini.

Dismissal of the sixth cause of action is not appropriate because the FAC adequately alleges performance by Plaintiffs and breaches of both Plaintiffs' contracts by Gemini.

---

[2]Based on the Court's prior ruling, on the date that the official Minimum Pay was lowered to $165, Plaintiffs would only be able to claim $165 on that date and for each date thereafter.  That is, once the Minimum Pay was lowered to $165, Plaintiffs were no longer entitled to $200.  See Reinhardt, 2012 U.S. Dist. LEXIS 58039 at *33-*34.

Dismissal of the seventh cause of action is not appropriate because the FAC plausibly alleges unfair interference with Plaintiffs' contractual right to Minimum Pay.

Dismissal of the portion of the tenth cause of action that relies on a violation of Labor Code § 226 is not appropriate because, contrary to Gemini's arguments, Plaintiffs have plausibly alleged a violation of § 226 in the fifth cause of action.

Finally, the motion to strike is denied because it is not the proper mechanism for challenging prayers for relief that are unavailable as a matter of law.  However, the relevant portion of the prayer will be given the meaning discussed above.


**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    Gemini's motion to dismiss is DENIED;

2.    Gemini's motion to strike is DENIED; and

3.    Gemini shall file an answer to Plaintiffs' First Amended Complaint within fourteen (14)
       days of service of this order.

IT IS SO ORDERED.

Dated:    July 18, 2012           _____

                                  CHIEF UNITED STATES DISTRICT JUDGE